989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Petitioner-Appellee,
v.
Emanuel SALAMI, Respondent-Appellant.
 No. 92-6324.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 30, 1992
Decided: March 22, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-857-HC-BR)
 Jeffrey L. Starkweather, Chapel Hill, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Emanuel Salami, a federal prisoner confined at the Federal Correctional Institution at Butner, North Carolina, appeals the district court's finding that he suffers "from a mental disease or defect for the treatment of which he is in need of custody for care or treatment." 18 U.S.C. § 4245 (1988). We affirm.
 
 
 2
 At a hearing on the government's Motion to Determine Present Mental Condition of Imprisoned Person, the court considered the reports of Drs. Cathy Williams and Kevin McBride, respectively, Salami's psychiatrist and psychologist at Butner, and Dr. Billy Royal, who was appointed to conduct an independent examination of Salami. Dr. Williams testified that Salami suffered from paranoid delusional disorder, and required custodial treatment.* Dr. Royal also diagnosed Salami as suffering from a paranoid delusional disorder, but gave no opinion as to whether custodial treatment was necessary.
 
 
 3
 The district court, relying on the testimony of Dr. Williams and of Salami, and the reports of Drs. Royal, Williams, and McBride, determined that a preponderance of the evidence warranted a finding that Salami should receive custodial treatment.
 
 
 4
 On appeal, Salami argues that under § 4245, a finding of a penological interest in custodial treatment is necessary, in addition to a determination that the prisoner is suffering from a mental disease or defect and that he requires custodial treatment. While a penological interest may be a factor to consider in determining whether custodial treatment is necessary, it is not a separate requisite under the statute. See 18 U.S.C. § 4245(d).
 
 
 5
 Because the district court properly interpreted the statue and its finding was not clearly erroneous, see United States v. Steil, 916 F.2d 485 (8th Cir. 1990), we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Salami, on appeal, argues that the district court erroneously sustained objections to his questions regarding Williams' opinion as to the type of treatment he required. The court, correctly interpreting § 4245, stated that the only issue before the court was whether Salami was suffering from a mental disease or defect for which he required custodial treatment; the type of treatment was for the doctors to determine. See 18 U.S.C. § 4245(d) (1988), which provides in part:
 (d) Determination and disposition.-If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General.